**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 7** |
| **WEIDA COMMUNICATIONS, INC.,** | ) | **Bankruptcy Case No. 06-10956** |
| | ) | **Adversary Proc. No. 08-01155** |
| **Debtor.** | ) | |
| **---** | ) | |
| | ) | |
| **MARVIN A. SICHERMAN,** | ) | **CASE NO. 08 MC 52** |
| **Chapter 7 Trustee of Weida** | ) | |
| **Communications, Inc.,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Plaintiff,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DAVID M. WARBURG,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

Two related miscellaneous cases are currently before the Court. The matters arise out of the bankruptcy proceedings for debtor Weida Communications, Inc. The trustee for the debtor has initiated an "adversary proceeding" against David M. Warburg and Thelen Reid Brown Raysman & Steiner LLP ("Thelen" and, together with Warburg, the "Thelen

Defendants") as well as Deloitte LLP, Deloitte & Touche LLP, Deloitte Consulting LLP, Deloitte Financial Advisory Services LLP and Deloitte Tax LLP (the "Deloitte Defendants" and, together with the Thelen Defendants, the "Adversary Defendants").[1]  Case Number 08-MC-52 is before the Court upon the Thelen Defendants' Motion for Order Withdrawing the Reference (Doc. 1).  Case Number 08-MC-53 is before the Court upon the Deloitte Defendants' Motion for Order Withdrawing the Reference (Doc. 1).  For the reasons that follow, the Thelen Defendants' Motion for Order Withdrawing the Reference is GRANTED.  The Deloitte Defendants' Motion for Order Withdrawing the Reference is GRANTED.

**FACTS**

On March 29, 2006, Weida Communications, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  Bankruptcy Case No. 06-10956.  Marvin A. Sicherman has been appointed as the Debtor's trustee.  On May 30, 2008, Sicherman (the "Trustee") initiated an adversary proceeding against the Adversary Defendants (the "Adversary Proceeding").  Adversary Proceeding No. 08-01155.  Via the Adversary Proceeding, the Trustee seeks to recover money for the benefit of the Debtor.  The Thelen Defendants were outside counsel to the Debtor.  The Deloitte Defendants provided outside tax, auditing and accounting services.  The Amended Complaint in the Adversary Proceeding alleges professional negligence, breach of fiduciary duty and fraudulent representation and concealment.

The Thelen Defendants and the Deloitte Defendants each now move for an order

---

[1] On September 9, 2008, Thelen Reid Brown Raysman & Steiner LLP changed its name to Thelen LLP.

2

withdrawing the Adversary Proceeding from the administration of the Bankruptcy Court.  The motions are opposed by the Trustee.

### **DISCUSSION**

The Bankruptcy Amendments and Federal Judgeship Act of 1984 vests in the district courts original jurisdiction over all civil proceedings arising under the Bankruptcy Code and all civil proceedings arising in or related to cases under the Bankruptcy Code.  28 U.S.C. § 1334(b).  The Act provides that a district court may automatically refer all such cases to the bankruptcy judges for the district.  28 U.S.C. § 157(a).  In addition, the district court "may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).

> A district court in considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.  For example, the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.  Conversely, hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.  Thus once a district court makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.

*Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095, 1101 (2d Cir. 1993), *cert. dismissed*, 511 U.S. 1026 (1994); *see also Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998-99 (5th Cir. 1985) (the district court should consider whether the proceeding is non-core and, thus, whether the bankruptcy court has jurisdiction to hear it; the

3

court should also consider "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process" as well as whether a jury demand has been made).

While the Sixth Circuit has not had occasion to consider the factors to be applied in ruling on a motion for permissive withdrawal of a bankruptcy reference under Section 157(d), the factors cited above have been widely accepted.  Collier on Bankruptcy (15th Ed.) 3.04[1][b] (citing *Orion* and *Holland America*); *see also Fokkena v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 64437 (N.D. Ohio Aug. 20, 2008) (Gwin, J.) (factors include "judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core"); *Holland v. LTV Steel Co.*, 288 B.R. 770, 774 (N.D. Ohio 2002) (Economous, J.) (the district court should "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process").

In the bankruptcy case underlying the present matters, the Adversary Defendants have already sought and obtained a declaration from the Bankruptcy Court that the Adversary Proceeding is non-core.  In fact, the Trustee's Amended Complaint itself states that the Adversary Proceeding is non-core.  This fact is to be given great weight.  *Orion*, 4 F.3d at 1101.  As the *Orion* court noted, any findings of fact and conclusions of law made by the Bankruptcy Court on non-core matters must be reviewed *de novo* by this Court.  28 U.S.C. §

157(c)(1).  For this reason, the Court agrees with the Adversary Defendants that judicial economy would be best achieved by a withdrawal of the reference.  Further, the claims asserted in the Adversary Proceeding are all based on Ohio state law.  Thus, uniformity in application of the bankruptcy laws will not be sacrificed.  Moreover, because this Court would be required to review *de novo* any findings made by the Bankruptcy Court, the concern regarding forum shopping is easily dismissed.

The Trustee argues that withdrawal is premature and that all pre-trial matters should be conducted in the Bankruptcy Court.  He suggests that the reference should not be withdrawn until the matter is "trial ready" and states that discovery will somehow be more expensive and protracted if conducted before the District Court.  *See Mundinger Trust v. Lamson & Sessions Co.*, 2007 U.S. Dist. LEXIS 71963 (N.D. Ohio Sep. 27, 2007) (Boyko, J.).  The Court disagrees.  No resources would be conserved by having the Bankruptcy Court conduct all of the pre-trial matters only to have this Court take the time to familiarize itself with the case to permit it to conduct the ultimate factfinding and render conclusions of law.  Moreover, in *Mundinger*, the district court's decision was based on the fact that the adversary proceeding there had been pending before the bankruptcy court for three years and the bankruptcy court was intimately familiar with the facts of the case.  The same is true of the other cases relied upon by the Trustee.  *See, e.g., Nicole Energy Servs. v. McClathey*, 2007 U.S. Dist. LEXIS 21171 (S.D. Ohio Mar. 26, 2007) (bankruptcy court "intimately familiar" with facts of case); *Enron Power Mktg., Inc. v. Va. Elec. & Power Co.*, 318 B.R. 273 (S.D. N.Y. 2004) (bankruptcy court already possessed "extensive familiarity" with facts).  In addition, these other cases involved core issues rather than non-core ones.  The present

Adversary Proceeding, on the other hand, is non-core. It is still in its infancy. Responsive pleadings have yet to be filed. No formal discovery has yet been conducted. And, the Bankruptcy Court recently disclaimed any knowledge of the Adversary Proceeding, stating that it "does not yet have any familiarity with the factual or legal issues underlying the amended complaint [in the Adversary Proceeding]." *In re Weida Communications, Inc.*, Case No. 06-10956 (Bankr. N.D. Ohio Sept. 10, 2008).

Having considered the evidence and arguments presented, the Court finds that the Adversary Defendants have shown sufficient cause to withdraw the Adversary Proceeding from the administration of the Bankruptcy Court.

**CONCLUSION**

For the foregoing reasons, the Thelen Defendants' Motion for Order Withdrawing the Reference is GRANTED. The Deloitte Defendants' Motion for Order Withdrawing the Reference is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/10/08